UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH ROBERTS,

    Plaintiff,

v.    Case No: 6:16-cv-36-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Keith Roberts appeals to this Court from the Commissioner of Social Security's final decision to deny his application for disability insurance benefits and supplemental security income. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **reversed** and the case be **remanded**, pursuant to sentence four of 42 U.S.C. § 405(g).

### I. Background[1]

At the time of the administrative hearing, Plaintiff was fifty-two years old and had completed the twelfth grade (Tr. 67). He alleged a disability onset date of September 10, 2008 (Tr. 80, 221, 249). On that same date, Plaintiff applied for benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 416, 423 (Tr. 91, 228). His claims were denied at the initial level (on September 8, 2011) and on reconsideration (on December 14, 2011) (Tr. 138, 144, 153, 159). At Plaintiff's request, an ALJ conducted a hearing on

---

[1] The information in this section comes from the parties' joint memorandum filed on September 27, 2016 (Doc. 20).

August 26, 2013 (Tr. 64-79). On February 3, 2014, the same ALJ held a supplemental hearing on the matter (Tr. 55-63). The ALJ issued an unfavorable decision on April 1, 2014 (Tr. 28-41). On November 20, 2015, the Appeals Council denied Plaintiff's petition for review of the ALJ's decision (Tr. 1-3). Thus, the ALJ's decision is the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted his administrative remedies and his case is ripe for review.

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process set out in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The evaluation process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since his September 10, 2008 alleged onset date (Tr. 30). At step two, the ALJ found Plaintiff severely impaired by: a back problem, pain syndrome and a seizure disorder (Tr. 30-33). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926) (Tr. 33). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity to,

> [P]erform light work as performed in 20 CFR 404.1567(b) and 416.967(b) except can continuously and bilaterally reach in all directions, handle, finger, feel and push/pull; continuously climb stairs and ramps, and can never climb ladders, ropes or scaffolds. Further, the claimant can occasionally balance, stoop, kneel, crouch and crawl. Finally, the claimant can never be exposed to unprotected heights and can continuously be exposed to moving, mechanical parts, operation of a motor vehicle, humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold and heat and vibrations.

(Tr. 33-39). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work (Tr. 39). But, the ALJ ultimately concluded at step five that there were other jobs in the national economy that Plaintiff could perform and therefore, he was not disabled (Tr. 40-41).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a

whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

A. The ALJ Failed To Adequately Explain His Assessment of Dr. Prusinski's Medical Opinion

Plaintiff argues that the ALJ erred when he failed to consider the portion of treating Dr. Christopher J. Prusinski's[2] January 30, 2014 opinion that Plaintiff was "TTD" (total temporarily disabled) until January 30, 2015 (Doc. 20 at 13-16); (Tr. 559).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory[3] or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir.1991).

When a treating physician's opinion does not warrant controlling weight, the ALJ must still consider the following factors in deciding how much weight to give the medical opinion: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting

---

[2] Dr. Prusinski is a Diplomate, American Board of Neurology, Diplomate, American Osteopathic Board of Neurology, Fellow, American Heart Association Stroke Council, Fellow, Royal Society of Medicine, and Member, International Council of Motorsports Sciences (Tr. 539).

[3] When a treating physician makes conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).

- 4 -

the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; (6) other factors which tend to support or contradict the opinion." Logreco v. Astrue, No. 5:07-cv-80-Oc-10GRJ, 2008 WL 783593, at *10 (M.D. Fla. Mar. 20, 2008). Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." Hill v. Barnhart, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); see also Sullivan v. Comm'r. Soc. Sec., No. 6:12-cv-996-Orl-22, 2013 WL 4774526, at *7 (M.D. Fla. Sept. 4, 2013); Bumgardner v. Comm'r Soc. Sec., No. 6:12-cv-18-Orl-31, 2013 WL 610343, at *10 (M.D. Fla. Jan. 30, 2013); Bliven v. Comm'r Soc. Sec., No. 6:13-cv-1150-Orl-18, 2014 WL 4674201, at *3 (M.D. Fla. Sept. 18, 2014); Graves v. Comm'r Soc. Sec., No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

Dr. Prusinski has been Plaintiff's treating physician since February 7, 2013 (Tr. 496). He has rendered multiple opinions about Plaintiff's various impairments that are based on personal evaluation and interpretation of objective medical testing results (Tr. 496-526, 557-560). The ALJ made the following assessment of Dr. Prusinski's opinion:

> The claimant presented to Christopher J. Prusinski, D.O, a treating doctor, in January 2014 and requested a release to drive a vehicle and reported no seizures the past year. Dr. Prusinski opined that the claimant had normal station and gait, including tandem, toe and heel walking; his mini-mental status testing revealed appropriate responses; and he was released to drive only if he continued neurologic follow up as recommended and took anti-convulsant medication as prescribed (Exhibit 24F, pages 3-4). Dr. Prusinski also noted the claimant had a motor vehicle accident in January 2011 with diagnoses of closed head injury with Type III cerebral concussion; post-concussive syndrome; post-traumatic lumbar sprain and uncontrolled general tonic-clonic seizures (Exhibit 24F, page 4). **The undersigned gives significant weight to the opinion of Dr. Prusinski.** While Dr. Prusinski notes severe impairments, significantly, he released the claimant to drive with restrictions. This suggests that it was his professional opinion that the claimant had the mental and physical capacity to operate a motor vehicle. Operating a motor vehicle takes

> concentration, the ability to react and requires the mental and
> physical capacity to quickly react. This opinion is in stark
> contrast to Dr. Velleff who opined the claimant could not work.
> The undersigned finds Dr. Prusinski's opinion persuasive in
> finding the claimant is not disabled.

(Tr. 38) (emphasis added).

Despite the many reasons the ALJ gave for assigning Dr. Prusinski's opinion significant weight, he inexplicably ignored the doctor's conclusion that Plaintiff's temporary total disability would last for one year. "The ALJ has a duty to express why he rejected portions of Dr. [Prusinski's] opinion when he simultaneously found the overall opinion to be entitled to significant weight." Moore v. Colvin, Civil Action No. 3:13cv704-WC, 2014 WL 4999175, at *3 (M.D. Ala. Oct. 7, 2014) (citing McCloud v. Barnhart, 166 F. App'x 410, 419 (11th Cir. 2006)).

The Commissioner responds to Plaintiff's contention by arguing that (1) Dr. Prusinski's opinion was rejected because it is an impermissible opinion on an issue reserved for the Commissioner, (2) the opinion was contradicted by Dr. Cooper's observations, (3) Dr. Prusinski failed to provide a definition of "TTD," (4) the ALJ is not required to discuss every piece of evidence in the record, (5) Dr. Prusinski's opinion fails to incorporate the results of objective medical testing, (6) Plaintiff's neurological symptoms did not increase between his visits to the doctor, (7) Dr. Prusinski's opinion regarding TTD is inconsistent with his treatment notes, (8) Plaintiff's daily activities are inconsistent with Dr. Prusinski's opinion of total disability, and (9) Dr. Prusinski's opinion is inconsistent with the opinions of other physicians (Doc. 20 at 18-24). But, the ALJ failed to weigh Dr. Prusinski's opinion of "TTD" let alone give any of these reasons for discounting it.

Post hoc arguments on appeal cannot be substituted for ALJ reasoning at the administrative level. The Court is not interested in what argument the Commissioner

- 6 -

makes at this stage in the proceedings, rather, it is only concerned with the reasoning the ALJ offered (or failed to offer) when the ALJ made his decision. See Lawton v. Comm'r Soc. Sec., 431 F. App'x 830, 834 (11th Cir. 2011) (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)); Mulholland v. Astrue, Case No. 1:06-cv-2913-AJB, 2008 WL 687326 (N.D. Ga. Mar. 11, 2008) (the Court rejected the Commissioner's argument noting that the "court cannot consider post hoc reasons for affirming an ALJ's decision, and instead must confine its review to the validity of the grounds upon which the ALJ based its decision."); Shinn ex rel. Shinn v Comm'r Soc. Sec., 391 F.3d 1276 (11th Cir. 2004). Accordingly, I respectfully recommend the Court reject the Commissioner's post hoc reasoning.

Without explicit explanation, the Court would be required to speculate as to why the ALJ rejected or failed to consider the TTD portion of Dr. Prusinski's medical opinion. For this reason, I respectfully recommend the district judge **reverse** the ALJ's decision and **remand** the case back to the Commissioner.

B. Plaintiff's Remaining Arguments

Because remand is required based upon Plaintiff's first argument, it is unnecessary to review his remaining objections to the ALJ's decision. Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)). "On remand, however, the Commissioner is reminded of the substantial body of Eleventh Circuit case law encompassing the issues that Plaintiff raises in [his] memorandum of law." Id.

### V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4. Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

### VI. Notice To Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 19, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record