UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH ROBERTS,

    Plaintiff,

v.                                                    Case No:   6:16-cv-36-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Uncontested Petition for Attorney's Fees, filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 24). Plaintiff requests an award of fees **in the amount of $7,400.86** for the successful prosecution of this case in this Court. The schedule of billable hours attached to the petition itemizes the attorneys' billable hours claimed (Id. at 16-18). Defendant has no objection to the requested relief (Id. at 4, ¶ 14).

Plaintiff asserts that he is the prevailing party in this litigation, that the Defendant's position in the underlying action was not substantially justified, and that his net worth when this proceeding was filed was less than two million dollars[1] (Id. at 2, 20-22). On December 19, 2016, I entered a report and recommendation that the district court remand the case to Defendant for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 21). The district court adopted my report and recommendation on January

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

10, 2017 (Doc. 22) and the clerk entered judgment the next day (Doc. 23). Plaintiff filed this petition for attorney's fees on February 8, 2017 (Doc. 24).

Attached to the petition is a copy of Plaintiff's assignment of EAJA fees to his counsel (Doc. 24-1). In light of the assignment, Plaintiff requests (and Defendant agrees) that payment should be made payable to Plaintiff and delivered to his counsel unless he owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to his counsel.

Pursuant to the provisions of the EAJA, I respectfully recommend that the district judge **GRANT** Plaintiff's uncontested petition for attorney's fees (Doc. 24), and award Plaintiff attorney's fees in the amount of **$7,400.86.** It is further recommended that the district court authorize payment to Plaintiff's counsel if the Department of the Treasury determines that Plaintiff does not owe a debt to the Government.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 10, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record